UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

DAVID JOHNSON,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Detective William Warren
(Shield No. 2757), Detective Bruce Tulloch (Shield
No. 30376), Sergeant Fritz Glemaud (Shield No.
3224), UC #0075, Police Officers JOHN and
JANE DOES 1 through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                              Defendants.

---------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

12-CV-1949 (SLT)(JMA)

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff David Johnson ("plaintiff" or "Mr. Johnson") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     At all times relevant defendants Detective William Warren, Detective Bruce Tulloch, Sergeant Fritz Glemaud, and UC #0075 (the "officers") were law enforcement officers employed by the NYPD and were acting as agents, servants and employees of defendant City of New York and the NYPD. The Officers are sued in their individual and official capacities.

10.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 1:30 p.m. on February 1, 2012, plaintiff was lawfully present in the vicinity of Pacific Street and Saratoga Avenue in Brooklyn, New York.

14.     Plaintiff walked up to the doorway of 39 Pacific Street, on his way to meet a friend who lived in that building.

15.     As plaintiff approached the door, he learned that the friend no longer lived there.

16.     Plaintiff walked away from the building and proceeded down the street.

17.     As plaintiff walked away, a group of plainclothes officers, including the defendants, stormed upon the building and began arresting the occupants.

18.     Two of the defendants approached plaintiff and placed him under arrest.

3

19.    Plaintiff was thrown into a police van and driven around the neighborhood.

20.    A few hours later, plaintiff was transported to the 73rd Precinct and made to stand in a line.

21.    While in the line, plaintiff repeatedly requested to be informed of the reason for his arrest.

22.    An officer grabbed plaintiff out of the line and took him to a back room.

23.    In the back room, the officer assaulted plaintiff.

24.    Plaintiff was then placed into a cell.

25.    While plaintiff was at the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that plaintiff had violated the laws of New York State and created documents and paperwork to that effect.

26.    The next morning plaintiff was transported to Brooklyn Central Booking.

27.    At Central Booking plaintiff was told that he was charged with Tampering with Evidence.

28.    After some time at Central Booking, plaintiff was told there was insufficient evidence to sustain the charge.

29.    Plaintiff was eventually released from custody, without seeing a judge, approximately 28 hours after his arrest.

4

30.     Upon his release plaintiff was given documentation of his arrest and processing.

31.     Plaintiff later returned to the 73rd Precinct to reclaim his cellular phone.

32.     While at the precinct, an officer confiscated the documentation of his arrest.

33.     Plaintiff is HIV positive, and because of that condition must take a combination of medications once every 24 hours.

34.     During the time that he was in custody, plaintiff was prevented from taking his medication.

35.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

36.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6

46.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

47.     Plaintiff was conscious of his confinement.

48.     Plaintiff did not consent to his confinement.

49.     Plaintiff's confinement was not otherwise privileged.

50.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

## State Law Assault and Battery

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

57.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

58.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

59.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.     The defendants were aware that plaintiff had a serious medical condition the treatment of which required the provision of medication on a specific schedule.

61.     Defendants prevented plaintiff from taking his medication, with deliberate indifference to his medical needs, in violation of the Fourteenth Amendment.

62.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

9

66.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   July 26th, 2012
         New York, New York

                    HARVIS MARINELLI
                    SALEEM & WRIGHT LLP


                    Robert Marinelli
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    rmarinelli@hmswlaw.com

                    *Attorney for plaintiff*

10